IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| GEORGE LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:06-CV-887-A |
| | § | |
| THE CITY OF FORT WORTH, | § | |
| TEXAS, ET AL., | § | |
| | § | |
| Defendants. | § | |

<u>MEMORANDUM OPINION</u>
and
<u>ORDER</u>

After having considered the motion of defendant City of Mansfield, Texas ("Mansfield") to dismiss because of the failure of plaintiff, George Lopez, ("Lopez") to state a claim against Mansfield upon which relief can be granted and the motion made by defendant City of Fort Worth, Texas ("Fort Worth"), asserted as an affirmative defense, to dismiss for failure to state a claim upon which relief can be granted, the court has concluded that all of plaintiff's claims and causes of action should be dismissed.

Not only is the dismissal appropriate in response to the motions, because Lopez is proceeding <u>in forma pauperis</u>, his complaint is subject to <u>sua sponte</u> dismissal under 28 U.S.C.

§ 1915(e)(2)(B). As a prisoner seeking redress from government officials, Lopez's complaint is also subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding in forma pauperis. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Both Sections 1915(e)(2)(B) and 1915A(b)(1), in turn, provide for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (citation omitted). A complaint lacks an arguable basis in fact "only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995)(internal quotation marks omitted). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations

fail to raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007)(internal quotation marks and citations omitted).

Upon review of Lopez's original complaint, the court ordered on February 7, 2007, that the defendants in this action would be deemed to be Mansfield and Fort Worth, and that Lopez file an amended complaint properly naming Mansfield and Fort Worth as defendants and "alleging with particularity all material facts on which he contends he will establish his right to recover against such defendants." Feb. 7, 2007, Order at 2. On February 16, 2007, Lopez filed his amended complaint naming Mansfield and Fort Worth as defendants. The facts Lopez alleged in the amended complaint are basically the same as those he alleged in the original complaint, with some elaboration.

Lopez alleges that: He suffered a broken leg in connection with the criminal activity that caused him to be in custody. From the crime scene he was taken to a hospital, where he stayed for about twelve to fifteen hours for treatment of his broken leg. His leg apparently was put in a cast, and he was prescribed crutches and pain medication. When he thereafter was booked into the Fort Worth jail his medication and other property were

3

confiscated and put in a transfer bag to follow Lopez wherever he might go. The next day Lopez was transferred by van to Mansfield's jail, where Fort Worth inmates are housed. Upon arrival there, a Mansfield officer neglected to help him out of the van, causing him to fall. When he entered the Mansfield jail, with the help of crutches, he was separated from everyone else and placed in a single cell, where he sat on the floor for several hours and complained of pain to no avail, even though his condition was obvious. He then was provided a chair to sit in. Several hours later he was taken to another cell, where he remained by himself for the next six or seven days. Throughout that time he received no medical attention. He explained to the officers more than once that he needed his pain medication, and told them that he had a prescription in his property. The dispatcher officer would turn off the intercom or respond on the intercom, saying, "Leave us along [sic] and stop bothering us." Am. Compl. at 3. He received the same responses when he requested to see a doctor. Lopez alleges that "he has establish [sic] his right to be compensated for the serious medical needs, and in discomfort, caused by defendants." Id.

As Mansfield points out in its motion to dismiss, Lopez simply has not alleged facts that would, if believed, support any recovery against Mansfield. The same is true as to Lopez's allegations against Fort Worth. As the Fifth Circuit explained in Law v. Dallas County:

> A municipality is liable under § 1983 only if three requirements are met. First, the municipality must have "an official policy, practice, or custom" which could subject it to § 1983 liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978). Second, the official policy must be linked to the constitutional violation. Id. Finally, the official policy must reflect the municipality's deliberate indifference to that injury.

286 F.3d 257, 263 (5th Cir. 2002). See also Meadowbriar Home for Children v. Gunn, 81 F.3d 521, 533 (5th Cir. 1996). None of those three requirements are satisfied by Lopez's allegations.

Moreover, to whatever extent Lopez might be attempting to allege state law claims against Mansfield and Fort Worth, he fails to state a claim because he does not allege any fact that would cause the sovereign immunity under Texas law of either municipality not to apply. Thus, although given an opportunity to amend for the purpose of stating claims against Mansfield and Fort Worth, and although having been ordered to allege with particularity all material facts on which he contends will establish a right of recovery against Mansfield and Fort Worth,

Lopez's amended complaint fails to allege facts upon which liability of Mansfield or Fort Worth to him could be based.

Therefore,

The court ORDERS that all claims of Lopez against Mansfield and Fort Worth be, and are hereby, dismissed.

SIGNED January 22, 2008.

JOHN McBRYDE
United States District Judge